**YI MEI WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–0903–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(1 c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Lin Li, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa M. Arnold, Senior Litigation Counsel, Song Park, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

Present: GUIDO CALABRESI,
ROBERT A. KATZMANN and
RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yi Mei Wang, a native and citizen of China, seeks review of the February 8, 2007 order of the BIA affirming the July 5, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Mei Wang*, No. A96 395 171 (B.I.A. Feb. 8, 2007), *aff'g* No. A96 395 171 (Immig. Ct. N.Y. City July 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). The Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc). In addition, the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

In support of its adverse credibility determination, the agency pointed to several inconsistencies between Wang's testimony and the evidence she submitted in support of her application, particularly with respect to her notarial birth certificate which was dated May 18, 2004. On cross-examination, when Wang was asked who requested this certificate, she said that her mother requested the document and received it "[a]round this year perhaps." Wang then changed her answer, stating, "perhaps [her mother] obtained it prior to this, this year," and then stated that "perhaps [it] was before [her] mother was incarcerated."

These statements are inconsistent with Wang's testimony and the certificate itself. Wang testified that her mother was detained by Chinese authorities from around December 2003 to January 2005. This contradicts her contention that her mother obtained the document before she was incarcerated where the document is dated May 2004. Nor would any reasonable fact-finder be compelled to credit Wang's

386

explanation for the inconsistency, that she was detained and did not know where it came from. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). These inconsistencies call into question the authenticity of the birth certificate, and therefore, the threshold question of Wang's identity. *See Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). They also call into question the validity of Wang's testimony surrounding her mother's detention by the Chinese government, which is a material aspect of her claim. Indeed, Wang's fear of future persecution centers entirely on her allegation that her mother was detained due to an alleged connection to Falun Gong. *Secaida–Rosales,* 331 F.3d at 308–09 (to form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole). Therefore, on the basis of this record, the agency's adverse credibility determination was not improper.

Because Wang failed to establish past persecution due to her incredible testimony, she was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, because Wang was found not credible, she failed to show the necessary subjective basis for a well-founded fear of future persecution. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004). Thus, the agency's denial of asylum was proper. In addition, because Wang's claim for withholding of removal was premised on the same factual basis as her asylum claim, the adverse credibility determination as to her asylum claim necessarily precludes success on her witholding claim. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006). To the extent that Wang has not challenged the denial of her application for CAT relief before this

Court, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because the adverse credibility determination is dispositive in this case, we need not reach the agency's alternative burden of proof finding.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.